THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Martina Putnam, Appellant.
 
 
 

Appeal From Sumter County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-526
 Submitted November 1, 2011  Filed
December 2, 2011    

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor
 Ernest A. Finney, III, of Sumter, for Respondent.
 
 
 

PER CURIAM: Martina
 Putnam appeals her conviction for homicide by child abuse, arguing the trial
 court erred in denying her motion to suppress statements she made to police
 officers without Miranda[1] warnings in the waiting rooms of two hospitals where her baby was receiving
 treatment.  We affirm[2] pursuant to Rule 220(b)(1), SCACR,
 and the following authorities: State
 v. Evans, 354 S.C. 579, 583, 582
 S.E.2d 407, 409 (2003) ("Appellate review of whether a person is in
 custody is confined to a determination of whether the ruling by the trial
 [court] is supported by the record."); State
 v. Navy, 386 S.C. 294, 301, 688 S.E.2d
 838, 841 (2010) ("Whether a suspect is in custody is determined by an
 examination of the totality of the circumstances, such as the location,
 purpose, and length of interrogation, and whether the suspect was free to leave
 the place of questioning."); id. (stating the determination of
 custody is objective, namely "would a reasonable person have believed he
 was in custody"); State v. Easler, 327 S.C. 121, 128, 489 S.E.2d
 617, 621 (1997) ("The initial determination of whether an individual was
 in custody depends on the objective circumstances of the interrogation, not the
 subjective views harbored by either the interrogating officers or the person
 being questioned.").  
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] Miranda v. Arizona, 384 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.